# EXHIBIT A

**2017CV05490**

CAUSE NO. _____

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: [10/2/2017 10:34 AM
Accepted By: NOEMI LONGORIA
/s/ NOEMI LONGORIA
Deputy Clerk

| | | |
|---|---|---|
| SERGIO & DAISY VILLARREAL § | | IN THE COUNTY COURT |
| *Plaintiff* § | | |
| § | | |
| § | | |
| v. § | | AT LAW NO. CC# 10 _____ |
| § | | |
| § | | |
| STARSTONE NATIONAL INSURANCE § | | |
| COMPANY § | | |
| *Defendant* § | | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Sergio and Daisy Villarreal, (hereinafter referred to as ("Plaintiffs"), and file their first Original Petition against Defendant, STARSTONE NATIONAL INSURANCE COMPANY for cause of action would respectfully show the Court the following:

### I. Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek damages of monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiffs seek this case be prosecuted under the Level 2 discovery plan according to the Texas Rules of Civil Procedure.

### II. Service of Process

Defendant, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service: Ct Corporation System, 1999 Bryan St Ste 900, Dallas TX 75201-3140

The insurance business done by Defendant in Texas includes, but is not limited to the following:
1. The making and issuing of contracts of insurance with the Plaintiffs;
2. The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

Submit Date: 9/28/2017 4:35 PM

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs;
4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs;
5. The adjusting and inspection of Plaintiffs' insurance claims;
6. Making insurance coverage decisions;
7. Taking part in making insurance coverage decisions; and
8. Making representations to Plaintiffs as being an agent for an insurance company with authority to make coverage decisions;

### III. Jurisdiction and Venue

Venue of this action is proper in Travis County, Texas because: the policy at issue was issued and delivered in Travis County, Texas; the property insured is situated in Travis County, Texas; Plaintiffs' losses occurred in Bexar County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to Plaintiffs' claims and causes of action occurred in Travis County, Texas.

### IV. Facts

Defendant and/or its agents committed the actions alleged against Plaintiffs in this complaint.

Plaintiffs own the property located at: 5000 Gordon Cooper Dr., Kirby, TX 78219-1929.

Defendant provided coverage to the Plaintiffs for such building, personal property, and other matter. During the term of said policy, Plaintiffs sustained covered losses in the form of rain/wind/hail event on or about April 11, 2016 and the related damages resulting therefrom, including damage to the architectural finishes of the property. Plaintiffs promptly reported losses to Defendant pursuant to the terms of the insurance policy.

As a result of this event, Plaintiffs' property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under Plaintiffs' insurance policy with Defendant. Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of Defendant's conduct.

### V. Conditions Precedent

All notices and proofs of loss were timely and properly given to Defendant in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to Defendant. All of the conditions precedent to bring about this

suit under the insurance policy has occurred. Despite the fact that all conditions precedent to Plaintiffs' recovery has been performed, Defendant has failed and refused to pay Plaintiffs a just amount in accordance with the contractual obligations, agreements, and representations.

## VI. Breach of Contract

Plaintiffs purchased an insurance policy with Defendant. Plaintiffs' property was damaged by a rain/wind/hail event, which is covered under the insurance policy. Defendant has denied payment of Plaintiffs' covered claims. Defendant has no reasonable basis for denying, or failing to pay Plaintiffs' claims for damages. Defendant knew or should have known that there was no such reasonable basis to deny, and fail to pay such claims. The conduct of Defendant was irresponsible, and unconscionable. Defendant took advantage of the Plaintiffs' lack of sophistication in insurance and construction matters to a grossly unfair degree. Defendant has, by its conduct, breached its contract with the Plaintiffs. The conduct of Defendant has proximately caused the injuries and damages to the Plaintiffs.

## VII. Second Cause of Action: DTPA Violations

Plaintiffs are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, Defendant has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of Plaintiffs' damages:

(a)  Defendant made false representations about Plaintiffs' rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)  Defendant's actions constitute an unconscionable course of conduct entitling Plaintiffs to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)  As described above, Defendant violated Chapter 541, Texas Insurance Code, entitling Plaintiffs to relief under section 17.50(a)(4), Texas Business and Commerce Code.

Defendant took advantage of Plaintiffs' lack of knowledge in construction and insurance claims processes, and misrepresented losses covered under the insurance policy. Defendant's conduct as described herein was a producing cause of damages to Plaintiffs for which Plaintiffs sue. The conduct of Defendant was more than just a mistake, and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of that, Defendant may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. Plaintiffs seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## VIII.   Unfair   Insurance   Practices

Defendant failed to properly process claims and have misrepresented material facts to the Plaintiffs. Defendant has failed to address all damage to the property and its contents causing further damage to the Plaintiffs. Further, Defendant has intentionally failed to fully investigate the loss; and failed to properly convey all information to Plaintiffs. Plaintiffs' property suffered from covered losses and damages of which Defendant is fully aware.

By its conduct outlined above, Defendant committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. Defendant committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) Defendant failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the Plaintiffs' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) Defendant failed to provide promptly to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) Defendant breached its duty of good faith and fair dealing at common law;

(4) Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(5) Defendant compelled Plaintiffs to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(6) Defendant violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(7) Defendant committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:
   (a) Defendant made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));
   (b) Defendant failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and
   (c) Defendant made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

Defendant's conduct as described herein was a producing cause of damages to Plaintiffs for which they sue.

4

### IX. Breach of the Duty of Good Faith and Fair Dealing

From and after the time the Plaintiffs' claims were presented to Defendant, and following the dismissal of charges against Plaintiffs, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for Plaintiffs' claims, Defendant refused to accept the claims in totality and pay the Plaintiffs as the policy required. At that time, Defendant knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. Defendant failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the Plaintiffs' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Wellington Insurance Company*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, Defendant breached its duty to deal fairly and in good faith with the Plaintiffs. Defendant's breach was a proximate cause of the losses, expenses and damages suffered by the Plaintiffs for which they sue.

### X. Texas Insurance Code 542, Subchapter B Delay in Payment

Plaintiffs gave prompt notice of her claims to Defendant. Defendant has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on Plaintiffs' claim. Defendant's reliance on reports and estimates from its adjusters and investigating adjusters along with an affidavit in support of an arrest warrant that was subsequently found to had been illegally obtained has been "merely pretextual" and unreasonable. Defendant's investigation and use of adjusters' reports and the aforementioned affidavit was an "outcome oriented investigation" and unreasonable in light of the subsequent dismissal of all charges against Plaintiffs. Defendant failed to comply with the requirements of Chapter 542 listed herein:

(a) Failing to pay Plaintiffs' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b) Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from Plaintiffs' to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, Plaintiffs is entitled to recover from Defendant the statutory penalty of 18% per annum on all amounts due on Plaintiffs' claims, together with attorney's fees, for which she sues.

## XI.

Plaintiffs allege that as to any terms, conditions, notices, or requests under the insurance contract, Plaintiffs have substantially complied and/or is excused. In the alternative, Plaintiffs make the allegation of waiver and/or estoppel as to every defense or exclusion plead by Defendant as to any exclusion, condition, or defense plead by Defendant, Plaintiffs would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by rain/wind/hail damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;
2. Any other construction and its use by Defendant violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;
3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;
4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;
5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of Plaintiffs' predecessor policy with Defendant. In this regard, Plaintiffs would show that his insurance policy was renewed uninterrupted for many years; and
6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs. In the alternative, Plaintiffs are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

## XII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the Defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimum jurisdictional limits of the Court.

### XIII. _ Jury _ Demand

XIII. Jury DemandPlaintiffs request this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

### XIV. Requests for Disclosure

Under Texas Rule of Civil Procedure 194 and 190.2(b)(6), Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 and 190.2(b)(6).

Respectfully submitted:

*/s/ Malick Djiba*

MALICK DJIBA
SBN: 24087430
malick@akeelahlg.com

DJIBA & RIEPEN
700 Lavaca, Ste. 1400
Austin, Texas 78752
(512) 621-7833
(512) 621-7832 (facsimile)
Attorney for Plaintiffs, Sergio & Daisy Villarreal